**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DERRICK JACOBS,**<br>*Plaintiff,*<br><br>**v.**<br><br>**PHILADELPHIA POLICE COMMISSIONER DANIELLE OUTLAW et al.,**<br>*Defendants.* | **Civil No. 24-3051** |

**MEMORANDUM**

**Costello, J.** **September 29, 2026**

*Pro se* Plaintiff Derrick Jacobs, a former Philadelphia Police Detective, has sued the City of Philadelphia and several members of the Philadelphia Police Department, the District Attorney's Office, and the City Solicitor's Office.[1] Plaintiff alleges that after a local magazine published an article summarizing a whistleblower lawsuit he filed, Defendants retaliated against him by opening an internal affairs investigation. He asserts claims for malicious prosecution, retaliation, and conspiracy under 42 U.S.C. § 1983, along with claims under two federal criminal statutes, 18 U.S.C. § 241 and 18 U.S.C. § 242. The Philadelphia Police Department and City Solicitor Defendants (collectively, the "City Defendants") have moved to dismiss Plaintiff's

---

[1] The Police Department Defendants are Philadelphia Police Commissioner Danielle Outlaw, Deputy Philadelphia Police Commissioners Robin Wimberly, Dennis Wilson, Benjamin Naish, and Frank Vanore, Philadelphia Police Captain Charles Vogt, Philadelphia Police Sergeant Zachary Koenig, and Philadelphia Police Lieutenant Chris Morton.

The District Attorney Defendants are Philadelphia District Attorney Lawrence Krasner and Assistant District Attorneys Patricia Cummings, Tracy Tripp, and Michael Garisma.

The City Solicitor Defendants are Deputy Chief City Solicitor Nicole Morris, Deputy City Solicitor Kia Ghee, and Solicitor Diana Cortes.

claims, as have the Philadelphia District Attorney's Office Defendants (the "DAO Defendants"). For the reasons that follow, the Court will grant both motions.

## I. BACKGROUND

Plaintiff was employed by the Philadelphia Police Department for over twenty-five years. Second Am. Compl. ("SAC") ¶ 3 (ECF No. 23). He alleges that immediately following the election of Philadelphia District Attorney Lawrence Krasner, he witnessed Krasner engage in criminal activity. *Id.* ¶ 2. When Plaintiff tried to expose this activity, Krasner "used every tool at his disposal" and allegedly enlisted the other defendants to violate Plaintiff's constitutional rights. *Id.*

Plaintiff subsequently filed a whistleblower lawsuit exposing an alleged pattern of corruption and collusion between the District Attorney's Office and ranking members of the police department to violate the civil rights of police officers. *Id.* ¶ 23. On April 21, 2021, the *Philadelphia Weekly* published an article detailing Plaintiff's whistleblower allegations. ECF No. 23 ¶¶ 23-24; *see also* Article (ECF No 23-1). That same day, the department opened an internal affairs investigation against Plaintiff. ECF No. 23 ¶ 36. Plaintiff discovered the internal affairs investigation on July 14, 2023. *Id.* He alleges that this "criminal investigation" was a tool to "illegally obtain search warrants for [his] electronic communications" because of the publication of his whistleblower allegations. *Id.* ¶ 26.

Plaintiff filed this action on July 12, 2024. Compl. (ECF No. 1). In his SAC, he asserts six counts stemming from the 2021 internal investigation: malicious prosecution in violation of the First and Fourth Amendments (Counts I and III), retaliation (Count II), and conspiracy (Count VI), all pursuant to 42 U.S.C. § 1983; as well as two counts purporting to assert private claims under criminal statutes, 18 U.S.C. § 241 and 18 U.S.C. § 242 (Counts IV and V). Both

the City Defendants and the DAO Defendants filed motions to dismiss the SAC. *See generally* City Defs.' Mot. to Dismiss (ECF No. 27) & DAO Defs.' Mot. to Dismiss (ECF No. 31).

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts sufficient to support a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Assessing plausibility under *Twombly* requires three steps. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, the Court must "take note of the elements the plaintiff must plead to state a claim." *Id.* (internal quotations and alterations omitted). Next, the Court must "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the Court must accept as true all "'well-pleaded factual allegations,'" draw all reasonable inferences from those allegations, and "'determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679) (alterations omitted). "If the well-pleaded facts do not nudge the 'claims across the line from conceivable to plausible,' the Court must dismiss the complaint." *Lynch v. Tasty Baking Co.*, No. 23-cv-4445, 2024 WL 967842, at *2 (E.D. Pa. Mar. 6, 2024) (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff is proceeding *pro se*, the Court construes his claims liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Additionally, the Court will "apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683,

688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F.4th at 185 ("[T]hey cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.") (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

## III. DISCUSSION

In the interest of judicial economy, the Court will evaluate the threshold legal deficiencies raised by the motions and evaluate the viability of each count across both motions.

### A. Criminal Statutes (Counts IV and V)

Plaintiff attempts to bring civil claims under 18 U.S.C. § 241 and 18 U.S.C. § 242. These are criminal statutes that do not authorize private rights of action. *See Smalls v. Riviera Towers Corp.*, 782 F. App'x 201, 206 (3d Cir. 2019); *see also Jung v. Bank of Am., N.A.*, No. 16-cv-00704, 2016 WL 5929273, at *3 (M.D. Pa. Aug. 2, 2016). Because these statutes cannot give rise to civil liability as a matter of law, the Court will dismiss Counts IV and V with prejudice.

### B. Timeliness of the Retaliation and Conspiracy Claims (Counts II and IV)

The DAO Defendants seek dismissal of Plaintiff's retaliation and conspiracy claims on timeliness grounds, arguing that because the internal investigation began in April 2021, this lawsuit falls outside the limitations period. ECF No. 31-1 at 9-11. Plaintiff contends that this action is timely because the investigation was kept secret and only inadvertently disclosed to him on July 14, 2023. ECF No. 32 at 2.

The statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). The statute of limitations for a § 1983 claim arising

in Pennsylvania is two years. *Kach*, 589 F.3d at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). The statute of limitations beings to run when a claim accrues. *Kach*, 589 F.3d at 634 (internal citations omitted). Although state law governs the applicable timeframe, federal law governs when the claim accrues. *Id.* Under federal law, a claim accrues "when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal citation omitted). Additionally, Pennsylvania allows for the tolling of a limitations period based on the "discovery rule," which "exclude[s] from the running of the statute of limitations that period of time during which a party who has not suffered an immediately ascertainable injury is reasonably unaware he has been injured." *Fine v. Checcio*, 870 A.2d 850, 857-58 (Pa. 2005).

The discovery rule tolls the statute of limitations here. Accepting Plaintiff's factual allegations as true, he did not discover the internal investigation until July 14, 2023. ECF No. 23 ¶¶ 33, 36. Therefore, the period between April 21, 2021, and July 14, 2023 is excluded from the calculation. Because Plaintiff initiated this action on July 12, 2024—within two years of discovering the underlying internal investigation—his § 1983 retaliation and conspiracy claims are timely. The Court will therefore deny the DAO Defendants' motion on this ground.

**C. Malicious Prosecution (Counts I and III)**

To prevail on a Section 1983 malicious prosecution claim, a plaintiff must show: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005); *Waters v.*

*Cheltenham Twp.*, 700 F. App'x 149, 152 (3d Cir. 2017). The failure to satisfy any element is fatal to the entire claim. *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009).

The allegations in the SAC are insufficient to establish that Defendants initiated a criminal proceeding against Plaintiff. Plaintiff characterizes the internal investigation as a "secretly initiated criminal complaint." ECF No. 23 ¶¶ 26, 33, 36-37, 411. Calling it "criminal" does not make it so. Something more is required. *Shurelds v. Safeco Ins. Co. of Am.*, No. 25-cv-1550, 2026 WL 384163, at *5 n. 4 (E.D. Pa. Feb. 11, 2026) (citing *Gallucci v. Phillips & Jacobs, Inc.* 614 A.2d 284, 290 (Pa. Super. Ct. 1992)). Plaintiff has failed to allege any criminal process whatsoever in connection with the internal investigation. For example, he has not alleged that he was arrested in connection with the internal investigation, compelled to appear in court because of the investigation, or charged with a criminal offense. Therefore, he has failed to properly allege that Defendants initiated criminal proceedings against him.

Similarly, Plaintiff has failed to allege a deprivation of liberty consistent with the concept of a seizure. Plaintiff points to Defendants' alleged interception of his electronic communications as a seizure. ECF No. 32 at 5. This argument fails for two reasons. First, the alleged seizure "must occur chronologically after the pressing of charges." *Basile v. Township of Smith*, 752 F. Supp. 2d 643, 659 (W.D. Pa. 2010). Because charges were never filed, the alleged interceptions did not and could not follow the initiation of a criminal proceeding. Second, the Third Circuit has narrowed the definition of a seizure in this context to instances where a criminal defendant is subject to either pretrial custody or "some onerous types of pretrial, non-custodial restrictions." *DiBella*, 407 F.3d at 603. Thus, a deprivation of liberty requires a physical restriction of the person, such as incarceration, travel boundaries, or mandatory court

appearances. *Id.* Plaintiff has not alleged any physical restriction of any sort related to the internal investigation. Accordingly, the Court will dismiss Counts I and III.

**D. First Amendment Retaliation (Count II)**

To plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). Courts have found that the mere initiation of an internal investigation, without any accompanying economic, disciplinary, or tangible administrative consequences, constitutes a *de minimis* action that fails to meet the "ordinary firmness" threshold as a matter of law. *See Herman v. Hosterman*, No. 11-cv-898, 2011 WL 4974184, at *3 (M.D. Pa. Oct. 19, 2011); *see also Benningfield v. City of Houston*, 157 F.3d 369, 376 (5th Cir. 1998) (while a reprimand may support a First Amendment retaliation claim, an investigation will not); *Richards v. Conn. Dep't of Corr.*, 349 F. Supp. 2d 278, 289-90 (D. Conn. 2004) (concluding that an internal investigation "though it may have been inappropriate, led to no actions against" the plaintiff and therefore could not support a First Amendment retaliation claim).

Plaintiff has failed to allege a retaliatory action sufficient to deter a person of ordinary firmness from exercising his rights. The SAC simply characterizes the internal investigation as retaliatory. ECF No. 23 ¶¶ 427-28. There are no supporting factual allegations that an adverse action resulted from the investigation. Indeed, Plaintiff was completely unaware of the investigation for more than two years. Because the mere initiation of an internal investigation is not an adverse action, the Court will dismiss Plaintiff's retaliation claim.

**E. Section 1983 Conspiracy (Count VI)**

"To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law 'reached an understanding' to deprive him of his constitutional rights." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293-94 (3d Cir. 2018) (citation omitted). Crucially, a § 1983 conspiracy claim requires an underlying constitutional violation, and if the other § 1983 claims fail, the conspiracy claim must also fail. *Hamborsky v. O'Barto*, 613 F. App'x 178, 182 (3d Cir. 2015); *Abreu v. Ferguson*, No. 19-cv-20, 2020 WL 1271637, at *7 (M.D. Pa. Mar. 17, 2020).

Construing the SAC liberally, Plaintiff's conspiracy claim is dependent upon the alleged deprivation of rights asserted in his underlying malicious prosecution and retaliation claims. Because those claims fail for the reasons stated *supra*, Plaintiff's conspiracy claim lacks an underlying constitutional violation to support it. Accordingly, the Court will dismiss Count VI.

**F. Leave to Amend**

The Court will grant Plaintiff leave to amend his § 1983 claims. Under Federal Rule of Civil Procedure 15(a)(2), courts should freely grant leave to amend "when justice so requires." The Third Circuit has emphasized a strong preference for liberal leave to amend, particularly in civil rights cases, unless amendment would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251-52 (3d Cir. 2007). Given the deficiencies noted above, it may be that amendment would be futile. Nonetheless, the Court will grant leave to amend in light of this liberal standard.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant both the City Defendants' and the DAO Defendants' motions to dismiss. However, the Court will grant Plaintiff leave to amend his § 1983 claims. An appropriate Order follows.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge